# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-332V
Filed: November 4, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| SEAN SICARD, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Interim Attorneys' Fees and |
| | * | Costs; Expert Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

*Andrew Downing, Esq.*, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Daniel Principato, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On March 15, 2016, Dorothy Sicard filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of her minor child, S.S. Sean Sicard ("Mr. Sicard" or "petitioner") was substituted in as petitioner on June 12, 2018, after reaching the age of majority. *See* ECF No. 57. Petitioner alleges that he developed antiphospholipid antibody syndrome ("APS") and/or systemic lupus erythematosus ("SLE") as a result of receiving his third human papillomavirus ("HPV") vaccination on March 15, 2013. Petition ("Pet."), ECF No. 1.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I. Procedural History

The petition was filed on March 15, 2016. ECF No. 1. On April 8, 2016, petitioner filed medical records as Petitioner's Exhibits ("Pet. Ex.") 1-8. ECF No. 7. Petitioner filed a Statement of Completion on April 12, 2016. ECF No. 8.

Respondent filed his Rule 4(c) Report on October 25, 2016, recommending against compensation in this matter. ECF No. 18.

Petitioner filed additional medical records on November 8, 2016, and an expert report from an immunologist, Dr. Yehuda Shoenfeld, on January 17, 2017. Pet. Ex. 10-12, ECF No. 20; Pet. Ex. 13-14, ECF No. 23. Petitioner filed supporting medical literature through February and March of 2017. *See* ECF Nos. 28, 30-33.

Respondent filed expert reports from Dr. Lindsay Whitton, an immunologist, and Dr. Carlos Rose, a rheumatologist, and supporting medical literature on May 8, 2017. Resp. Ex. A, Tabs 1-9, ECF No. 34; Resp. Ex. A, Tabs 10-16, ECF No. 35; Resp. Ex. B, Tabs 1-9, ECF No. 36; Resp. Ex. B, Tabs 10-11, ECF No. 37; Resp. Ex. C-D, ECF No. 38.

Petitioner filed supplemental expert reports from Dr. Shoenfeld on October 4, 2017 and October 23, 2017. Pet. Ex. 49, ECF No. 40; Pet. Ex. 50, ECF No. 42. Petitioner filed supporting literature for these reports in March of 2018. *See* ECF Nos. 45-48, 50.

Respondent filed responsive expert reports from Dr. Whitton and Dr. Rose and supporting medical literature on April 19, 2018. Resp. Ex. E, Tabs 1-9, ECF No. 51; Resp. Ex. E, Tabs 10-14, ECF No. 52; Resp. Ex. F, Tabs 1-2, ECF No. 53; Resp. Ex. G, ECF No. 54.

During a status conference on June 12, 2018, petitioner's counsel advised that petitioner intended to continue with a different expert and requested the opportunity to file an expert report from a rheumatologist. Scheduling Order at 1, ECF No. 56. Petitioner filed an expert report from Dr. Thomas Zizic, a rheumatologist, on October 10, 2018. Pet. Ex. 92, ECF No. 59. On March 11, 2019, respondent filed expert reports from Dr. Whitton and Dr. Rose responding to Dr. Zizic. Resp. Ex. H, Tabs 1-9, ECF No. 62; Resp. Ex. H, Tabs 10-13; Resp. Ex. I, Tabs 1-3, ECF No. 64.

On May 14, 2019, petitioner filed Dr. Zizic's CV along with a Motion to Limit Dr. Whitton's testimony. Pet. Ex. 94, ECF No. 67; Motion to Limit, ECF No. 68. Respondent filed a response to petitioner's motion on May 22, 2019. ECF No. 70.

A status conference was held on May 23, 2019. Petitioner was ordered to file a supplemental expert report from Dr. Zizic. Scheduling Order at 2-3, ECF No. 71. Petitioner's Motion to Limit was denied. *Id*. at 3.

On October 10, 2019, petitioner filed a Motion for Interim Attorneys' Fees and Costs. Mot. Interim Fees, ECF No. 75. Petitioner requests attorneys' fees in the amount of $35,023.50, and attorneys' costs in the amount of $58,181.12, for a total amount of $93,204.62. *Id.* at 6. In

accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses. *Id*. at 1.

On October 24, 2019, respondent filed a response to petitioner's Motion for Interim Fees. Response, ECF No. 77. Respondent stated that he was "satisfied the statutory requirements for n aware of attorneys' fees and costs are met in this case." *Id*. at 2. However, he noted that Dr. Zizic billed 105 hours for a total of $42,040.00 in fees for drafting a single expert report, and petitioner's counsel recently submitted an invoice from Dr. Zizic in another matter which also charged $40,000.00 for a single expert report. *Id*. at 1. Respondent did not specifically object to Dr. Zizic's bill, but stated, "It is important to evaluate the reasonableness of the requested litigation costs, as petitioners are not given a 'blank check to incur expenses' to be paid by the Vaccine Trust Fund." *Id*. at 3 n.2 (internal citations omitted). Ultimately, respondent "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3.

Petitioner did not file a reply. This matter is now ripe for decision.

## II. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## III. Discussion

### A.    Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id.* at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

The petition was filed in March of 2016 and thus, this matter has been pending for over three years. If this matter proceeds to an entitlement hearing, one cannot be scheduled until 2021 at the earliest. Petitioner has already expended considerable resources on this matter. Accordingly, an award of interim fees is appropriate to avoid placing an undue burden on petitioner's counsel during the course of this litigation.

### B.    Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys - Forum-Rate-Fee-Schedule2015-2016.pdf (last visited Oct. 31, 2019); Office of Special Masters,

Petitioner requests the following hourly rates for his attorneys: for Mr. Downing, $350 for work performed in 2015 and 2016, $375.00 for work performed in 2017, and $385.00 for work performed in 2018 and 2019; and for Courtney Van Cott, $195.00 for work performed in 2016 and 2017 and $205.00 for work performed in 2018 and 2019. *See* Motion for Interim Fees, Ex. A at 36. Petitioner requests an hourly rate of $100 and $135.00 for paralegal work performed in this matter. *Id.* These rates are consistent with rates previously awarded to petitioner's counsel and his staff. *See, e.g., Butler v. Sec'y of Health & Human Servs.*, No. 16-1027V, 2019 WL 1716073, at *2 (Fed. Cl. Spec. Mstr. Mar. 20, 2019); *Carey on behalf of C.C. v. Sec'y of Health & Human Servs.*, No. 16-828V, 2018 WL 1559805, at *6 (Fed. Cl. Spec. Mstr. Feb. 26, 2018); *Bales on behalf of J.B.A. v. Sec'y of Health & Human Servs.*, No. 15-882V, 2017 WL 2243094, at *3-4 (Fed. Cl. Spec. Mstr. Apr. 26, 2017). Thus, the requested rates are reasonable, and I award them herein.

## C.    Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

---

*Attorneys' Forum Hourly Rate Fee Schedule: 2017*,
http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited Oct. 31, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2018*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule %202018.pdf (last visited Oct. 31, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2019*,
http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule %202019.pdf (last visited Oct. 31, 2019).

Upon review of petitioner's application, I find that the number of hours billed on this matter appears to be reasonable.[4] Accordingly, no reduction is necessary, and $35,023.50 is awarded in attorneys' fees.

## D.    Reasonable Costs

Petitioner requested a total of $58,181.12 in interim attorneys' costs. Motion for Interim Fees, Ex. A at 35. The requested costs consist of $15,090.00 in expert fees to Dr. Shoenfeld, $42,040.00 in expert fees to Dr. Zizic, the $400.00 filing fee, $550.73 in costs associated with obtaining medical records, and $100.39 in shipping and mailing costs. *Id*. at 33-35.

Dr. Zizic billed 42 hours reading medical records, 26.15 hours reading medical literature, 14.05 hours reading reports authored by other experts, 14 hours writing his own report, 7.5 hours performing research in the Johns Hopkins medical library, and 1.4 hours communicating with counsel, for a total of 105.1 hours. Ex. A at 51-54. At Dr. Zizic's requested rate of $400 per hour, his fees amount to $42,040.00. *Id*. at 47, 54.

Dr. Zizic has served as an expert in several other Vaccine Program cases. In *Hales v. Sec'y of Health & Human Servs*., Dr. Zizic billed 80.9 hours of work at a rate of $400 per hour for a total of $32,360 in fees. *Hales*, No. 14-552V, 2017 WL 1366069, at *2 (Fed. Cl. Spec. Mstr. Mar. 9, 2017). Special Master Moran found Dr. Zizic's hourly rate to be appropriate, and Dr. Zizic was awarded his fees in full. *Id*. In another case before Special Master Moran, Dr. Zizic billed 133.55 hours at $400 per hour for a total of $53,420.00 in expert fees. *Bourche v. Sec'y of Health & Human Servs.*, No. 15-232V, 2017 WL 2480936, at *5-6 (Fed. Cl. Spec. Mstr. May 11, 2017). Dr. Zizic's hours were reduced by 10% for excessive time billed, and he was awarded $48,078.00 in fees. *Id*. The petitioner in *Bourche* filed a second application for interim fees the next year; Dr. Zizic requested $34,880.00 in expert fees, billing $600 per hour for his appearance at a hearing and $400 per hour for his other work in the matter. *Bourche v. Sec'y of Health & Human Servs*., No. 15-232V, 2018 WL 7046894, at *4 (Fed. Cl. Spec. Mstr. Dec. 19, 2018). Dr. Zizic's hourly rate was reduced to $400 for all work in the matter and his rate billed for time spent travelling was reduced by 50%, resulting in $30,340.00 awarded in expert fees. *Id*.

In 2019, three decisions have been issued awarding expert fees to Dr. Zizic. In *Moran v. Sec'y of Health & Human Servs.*, Dr. Zizic billed 47.15 hours at $400 per hour for a total of $18,860 in fees. *Moran*, No. 16-538V, 2019 WL 1556701, at *5 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). Special Master Oler reduced Dr. Zizic's hours by 5% for excessive time billed for a fee award of $17,916.00. *Id*. In another case before Special Master Oler, Dr. Zizic billed 40.9 hours at

---

[4] Counsel's paralegals billed 0.2 hours, or 12 minutes, for the following tasks: "Process payment for invoice from Children's Medical Center;" "Receive, review, and process Notice of Appearance filed by Alice Tayman on behalf of Respondent;" "Process payment for medical records to Pediatric Eye Specialists;" "Receive, review and process Court's Formal Notice," and many other similar tasks. See Motion for Interim Fees, Ex. A at 11-27. In a previous decision, *Leong v. Sec'y of Health & Human Servs.*, No. 17-197V, slip op. at 6 n.4 (Fed. Cl. Spec. Mstr. Oct. 31, 2019), I cautioned counsel that "these tasks are considered clerical, not paralegal tasks, and should not be billed at all." However, because that decision was issued after the instant application for fees had been filed, I will not reduce fees here. Let this serve as counsel's final warning to ensure that his paralegals bill appropriately.

$570 per hour for a total of $23,313.00. *Andrews v. Sec'y of Health & Human Servs.*, No. 16-196V, 2019 WL 3408929, at *4-5 (Fed. Cl. Spec. Mstr. Apr. 16, 2019). The special master reduced Dr. Zizic's hourly rate to $400, noting "[i]t is unclear why Dr. Zizic billed at this elevated rate [of $570], when he has previously invoiced at and been awarded $400 per hour for his work performed in several other cases in this Program." *Id.* at *4. Special Master Oler also found the hours billed by Dr. Zizic to be inflated; she pointed out that Dr. Zizic billed 17.95 hours for researching medical literature, yet no literature had been filed by petitioner. *Id.* at *5. Because this was petitioner's counsel's first case in the Vaccine Program, the special master did not further reduce the fees awarded to Dr. Zizic but cautioned *both counsel and Dr. Zizic* to be cognizant of appropriate billing in the future. *Id.* (emphasis added). Dr. Zizic was awarded $16,360.00 in expert fees. *Id.* In *Smith v. Sec'y of Health & Human Servs.*, Dr. Zizic requested an hourly rate of $400 and total fees of $39,780.00. *Smith*, No. 15-33V, 2019 WL 2246728, at *2 (Fed. Cl. Spec. Mstr. May 13, 2019). Special Master Gowen found the number of hours billed reasonable given the amount of medical records reviewed and the quality of the two expert reports prepared by Dr. Zizic. *Id.*

I agree with my colleagues that $400 is an appropriate hourly rate for Dr. Zizic, and award it herein. I do note that, as in past invoices, Dr. Zizic appears to have an issue with accurate time-keeping. For example, he billed 0.7 hours, or 42 minutes, to read a four-page petition, only two pages of which were substantive. *See* Motion for Interim Fees, Ex. A at 51. Additionally, he billed 2.55 hours to read Dr. Shoenfeld's initial expert report (Pet. Ex. 13) and another 2.2 hours to read Dr. Shoenfeld's amended expert report (Pet. Ex. 15), which is nearly identical to Pet. Ex. 13. Dr. Zizic is encouraged to engage in contemporaneous time keeping in order to avoid excessive billing.

Mr. Downing has worked with Dr. Zizic in other Vaccine Program cases, specifically *Bourche* and *Moran*. Notably, the first interim fees decision in *Bourche* which reduced Dr. Zizic's hours for excessive billing was issued in May of 2017. In this matter, Mr. Downing contacted Dr. Zizic in June of 2018; at that time, he had notice that Dr. Zizic's fees had previously been reduced for excessive billing. *See* Motion for Interim Fees, Ex. A at 6. It is incumbent on counsel to ensure that the expert fees requested are reasonable. As noted by respondent, petitioners and their experts are not given a "'blank check to incur expenses' to be paid by the Vaccine Trust Fund." Response at 3 n.2 (internal citations omitted). Due to Dr. Zizic's block billing and what is seen as inflated billed hours, as discussed above, the hours that he billed in this matter are reduced by 5%, a reduction of 5.25 hours, for total fees of $39,040.

Other than the reduction to Dr. Zizic's fees, petitioner's costs appear to be reasonable and I see no need to reduce them further. Accordingly, petitioner is awarded $56,081.12 in attorneys' costs.

### IV. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $91,104.62**, representing reimbursement for interim attorneys' fees in the amount of $35,023.50 and costs in the amount of $56,081.12, in the form of a check made payable jointly to petitioner and petitioner's counsel, Andrew Downing, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

renouncing the right to seek review.