# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-332V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * *
SEAN SICARD,                          *
                                      *
                                      *            Chief Special Master Corcoran
                    Petitioner,       *
                                      *            Dated: February 10, 2021
v.                                    *
                                      *
                                      *
                                      *
                                      *
SECRETARY OF HEALTH AND               *
HUMAN SERVICES,                       *
                                      *
                    Respondent.       *
                                      *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew D. Downing*, Van Cott & Talamante, Phoenix, AZ, for Petitioner.

*Ryan Daniel Pyles*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On March 15, 2016, Dorothy Sicard filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] on behalf of S.S., her minor child. Sean Sicard (previously identified by his initials) was thereafter substituted in as the named Petitioner on June 12, 2018, after reaching the age of majority. *See* ECF No. 57. Petitioner

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

alleged that he developed antiphospholipid antibody syndrome ("APS") and/or systemic lupus erythematosus ("SLE") as a result of receiving a third dose of the human papillomavirus ("HPV") vaccine on March 15, 2013. *See generally* Petition (ECF No. 1).

During the case's life, Petitioner filed medical records from various treating physicians in support of his claim. *See e.g.*, ECF No. 7, Ex. 1–8. Respondent filed a Rule 4(c) Report on October 25, 2016, recommending that compensation was inappropriate in this matter, and that the case should be dismissed. ECF No. 18. After the filing of expert reports by both parties, numerous status conferences, and an interim attorney's fees award, the case was transferred to me from Special Master Roth on July 30, 2020. *See* July 30, 2020 Docket Entry Order. Although I had set a schedule for briefing a ruling on the record in this case, Mr. Sicard opted instead to request a voluntary dismissal of the matter (ECF No. 94) ("Mot."). On January 13, 2021, I issued a decision dismissing the petition with prejudice. *See* Decision, dated Jan. 13, 2021 (ECF No. 96).

Petitioner has now filed a motion for a final[3] award of attorney's fees. Motion for Attorney's Fees and Costs, filed February 4, 2021. (ECF No. 100) ("Fees App."). Petitioner requests a final award of $24,582.00 in attorney's fees for the work of two attorneys (Ms. Courtney Van Cott and Mr. Andrew D. Downing) as well as the supportive work of one paralegal. *Id.* at 4-5. Respondent reacted to the fees request on February 4, 2021. *See* Response, dated February 4, 2021 (ECF No. 101). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, and otherwise defers to my discretion the calculation of a proper amount to be awarded. *Id.* at 2, 3. No additional costs were incurred since Petitioner's last was billing submitted and an interim award was issued. Fees App. at 4.

## ANALYSIS

## I.  Petitioner's Claim had Reasonable Basis

Under the Vaccine Act, a special master may award fees and costs to an unsuccessful petitioner if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See,* e.g., *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, slip op. at 5 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). In short, the claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 19-1596, slip op. at 9–10 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim—*

---

[3] Special Master Roth previously made an interim award of fees and costs to Petitioner and his counsel in the amount of $91,104.62. Interim Fees Decision, dated November 4, 2019 (ECF No. 79).

counsel's conduct is irrelevant (although it may be relevant to whether the matter was initiated in good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (Fed. Cl. 2019). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4] The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017).

Although it was ultimately dismissed, Petitioner's claim had sufficient objective basis to entitle him to a fees and costs award. Petitioner's good faith arguments were backed by many solid items of proof and expert support, and there was objective support in the record for core matters like proof of vaccination and the nature of Petitioner's injury. Further, Special Master Roth previously determined good faith and reasonable basis for the submission of this claim, and I do not find that evidence adduced in the case since the interim fees award undercuts that earlier determination. *See* Interim Fees Decision, dated Nov. 4, 2019 (ECF No. 78). Respondent for his part does not otherwise contest reasonable basis. Accordingly, a final award of fees and costs in this matter is appropriate.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys and support staff, based on the years work was performed:

|  | **2019** | **2020** |
|---|---|---|
| **Andrew D. Downing, Esq.** | $385.00 | $385.00 |
| **Courtney Van Cott, Esq.** | $205.00 | $275.00 |
| **Paralegal** | $135.00 | $135.00 |

Fees App. at 9.

The rates requested for the attorneys and for the paralegal work are consistent with what they have previously been awarded, and I find no cause to reduce them in this instance.[5] This includes the increase sought for Ms. Van Cott's work in 2020. *See Perekotiy v. Sec. of Health & Human Servs.*, No. 16-997V, 2020 WL 6395509 (Fed. Cl. Spec. Mstr. Sept. 29, 2020) (finding an increased rate of $275.00 for Ms. Van Cott's work in 2020 reasonable). I also find that the sum of

---

[5] Furthermore, the hourly rates requested are also consistent with the Office of Special Masters' fee schedule.

The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%27Forum%20Rate%20Fee%20Schedule%202019.pdf.

The 2020 Fee Schedule can be accessed at:
https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%27Forum%20Rate%20Fee%20Schedule%202020.PPI_OL.pdf

The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

work performed on the matter since the interim fees award is reasonable. Accordingly, I shall make no adjustments to the sum requested for final fees in this matter.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I therefore award a total of **$24,582.00** in the form of a check payable to Petitioner's counsel, Mr. Andrew Downing, Esq. The check is to be forwarded to Van Cott & Talamante, PLLC, 3030 N. Third Street Suite 790 Phoenix, AZ 85012.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.